AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA
V.
Leonard Damone Bethly
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05- 77 - GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
SEP 12 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence -Defendant did not opposed his detention. The bases for finding that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community are as follows:

1. Defendant has a serious criminal history which includes convictions at age 16 for first degree reckless homicide. Defendant absconded from parole in 2002 and a warrant has been issued for his arrest from Wisconsin. In addition in 1992 within 8 months after he was paroled for the above offenses, defendant was charged and subsequently convicted of attempted robbery and possession of a firearm by a felon, the same charge which he presently faces. For the first charge, he fatally shot his cousin in the head over $.20 lost in a dice game. In December 2002 he was charged with escape- criminal arrest from the Felmers Correctional Center and has been at large ever since. This required defendant to remove an ankle bracelet. For the attempted robbery, defendant sold a .38 caliber revolver to a juvenile for the purpose of committing an illegal act. During that act, armed robbery, by the juvenile, the victim was killed. Defendant did point out that certain charges, astericked in the pretrial services report, specifically those of 9/17/90, 10/10/90. 10/30/90 and 9/23/91 (battery, attempted theft, disorderly conduct) were not committed by him, but by his brother. All of these charged would have occurred while defendant was incarcerated.

In light of the above past criminal history, such evidence is significant and clearly establishes a substantial risk of non-appearance and danger to the community. Defendant was originally arrested for state offenses which were dismissed for prosecution under the federal law for the weapons offense. However, the state charges that were dismissed strongly suggested continued criminal activity by defendant.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____
_____
_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 12, 2005 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).