IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.  1:05-CR-77 |
| vs. | : | |
| LEONARD DAMONE BETHLEY | : | |

FILED
OCT 2 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

<u>Motion To Suppress Physical Evidence Nunc Pro Tunc</u>

AND NOW, the defendant, Leonard Damone Bethley, by and through his attorney, Elliot M. Cohen, Esquire, does file the within Motion to Suppress Physical Evidence and avers as follows:

1. The defendant, Leonard Damone Bethley, has retained the legal services of Elliot M. Cohen, Esquire to represent him in the above captioned matter.

2. The defendant has been charged with Felon in Possession of a Firearm in violation of 18 U.S.C. §924(g)(1) and 924(a)(2).

3. The deadline for filing Motions was October 12, 2005. However, it is respectfully requested that this Motion be permitted to be filed Nunc Pro Tunc given defense counsel's hectic trial schedule from September 2005 onward.

*Statement of Facts*

4. On May 30, 2005, the police observed a security guard from a Holiday Inn in Newark, Delaware standing on the west side of the hotel. The guard walked to the back of the building and waved to a car that then approached upon his command. The person in the vehicle and the security guard then began to load the trunk of the vehicle. The police then approached these two men, one of whom was the defendant, Leonard Damone Bethley. The vehicle was registered to Kenan Bethley and Mr. Bethley had a valid Delaware driver's license that identified him as such. Mr. Bethley told the police that he purchased a prime rib for $25.00 from the hotel security guard. The Hotel Manager told the police that the security guard had no right to sell food from the hotel. Recovered from the trunk of the car was the prime rib steak and some beer valued at $140.00.

5. A search of the vehicle ensued and Police officer Lewis found 16 rounds of 9mm ammunition "within a glove, near the glove box of the vehicle", according to the police report inside of the glove box was a Silver Smith and Wesson Revolver (Serial No. CAT9477) which had four rounds of ammunition and one empty shell casing. Bethley was then arrested after a foot pursuit. Also found in the vehicle was one gram of marijuana and four tablets of ecstasy, as well as $1,583.00 of U.S. Currency taken from Mr. Bethley's right front pants pocket.

6. It is respectfully submitted that the police lacked reasonable suspicion to detain Mr. Bethley and lacked probable cause to arrest him or search his car. Accordingly, the search and seizure of items was done in violation of Mr. Bethley's Fourth Amendment Federal Constitutional Rights to be free from unreasonable searches and seizures.

7. It is respectfully requested that the following items be suppressed:

   A) One S&W Revolver (Serial #CAT9477) with four rounds and one empty casing.

   B) One gram of Marijuana.

   C) Four tablets of ecstasy.

   D) $1,583.00 United States Currency.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the with Motion to Suppress Physical Evidence be **GRANTED**.

*Respectfully submitted,*

LOUIS T. SAVINO & ASSOCIATES

By: _____
ELLIOT M. COHEN, ESQUIRE
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.   1:05-CR-77 |
| vs. | : | |
| LEONARD DAMONE BETHLEY | : | |

### Memorandum of Law

### The search and seizure in this case was done in violation of the Fourth Amendment

It is respectfully submitted that the search and seizure in this case was done in violation of the Fourth Amendment. It is well established that warrantless searches and presumed invalid unless the search falls within an exception to the warrant requirement of the Fourth Amendment to the Federal Constitution. Three such exceptions are investigative detentions and searches incident to a valid arrest, and automobile searches. These exceptions will be discussed separately and it will be demonstrated that none are applicable.

### Investigative Detentions

An investigative detention, a brief seizure by the police based on reasonable suspicion of criminal activity is a "narrowly drawn" exception to the probable cause requirement of the Fourth Amendment. Terry vs. Ohio, 392 U.S. 1, 26 (1968). In Terry, the U.S. Supreme Court held that the police may stop an individual reasonably suspected of criminal activity, question the suspect briefly, and perform a limited pat down frisk for weapons. Id. At 22-24. The police may only conduct an investigative detention if they have a reasonable, articulable suspicion of criminal activity. Id. At 21-

22. To satisfy this standard, the police must show specific and articulable facts, together with rational inferences drawn from those facts, that reasonably suggest that criminal activity has occurred or is imminent. Id. At 21. Hunches or generalized suspicions are not sufficient. See, Ybarra vs. Illinois, 444 U.S. 85, 92-93 (1979). See also, United States vs. Davis, 94 F.3rd 1465, 1470 (10th Cir. 1996) (no reasonable suspicion to stop suspect who parked outside known criminal established, made and broke eye contact with police, kept hands in pockets, did not stop when police requested and had criminal record); United States vs. Smith, 799 F.2d 704, 707-08 (11th Cir. 1986) (no reasonable suspicion to stop motorist who failed to look at patrol car even though that act fit drug courier profile). The police may not base reasonable suspicion on isolated or minimal instances of innocent activity but several innocent activities may cumulatively create reasonable suspicion. See, Reid vs. Georgia, 448 U.S. 438, 441 (1980) (per curiam); United States vs. Sokolow, 490 U.S. 1, 9 (1989). The range of police activities during an investigative detention must be reasonably related to the circumstances that initially justified the detention. See, McFadden vs. United States, 814 F.2d 144, 147 (3rd Cir. 1987). If reasonable suspicion exists, the police may detain the suspect to learn the suspect's identity, for example, United States vs. Tuley, 161 F.3rd 513, 515 (8th Cir. 1998). The police can also order occupants of a vehicle to exit their vehicle. See, Pennsylvania vs. Mimms, 434 U.S. 106, 111 (1977) (per curiam). When these actions are exceeded by the police, the seizure becomes an arrest and must be supported by probable cause. Florida vs. Royer, 460 U.S. 491, 502-03 (1983) (plurality opinion). There is no general definition of when a Terry stop becomes an arrest but courts consider the following factors: The diligence of the police in resolving their reasonable suspicion as quickly as possible, the scope and nature of the restraints placed on the suspect's freedom, and whether the suspect was taken to another location. See, United States vs. Place, 462 U.S. 696, 709-10 (1983); United State vs. Anderson, 981 F.2d 1560, 1566 (10th Cir. 1992); Royer, 460 U.S. at 502-03.

Moreover, seizures of property for investigative detentions are judged on reasonableness like seizures of people. See, Place, 462 U.S. at 696, 706.

In the instant case even if the police had reasonable suspicion to believe that criminal activity was occurring or had occurred, the police were not entitled to search the trunk for proceeds of the theft of food. That vehicle should have been briefly secured and a warrant should have been obtained to search that vehicle. At any rate, the police lacked reasonable suspicion since all that they initially observed was a car backing into the hotel at the behest of the security guard and then saw the trunk being loaded with items from the hotel.

*Search and incident to a valid arrest*

After making a valid custodial arrest, the police may conduct a warrantless search of the arrestee and the area within the arrestee's immediate control. Chimel vs. California, 395 U.S. 752, 763 (1969). That arrest must be supported by probable cause. Michigan vs. Summers, 452 U.S. 692, 200 (1981). It is respectfully submitted that the police did not effectuate a valid arrest in this case since they lacked probable cause to believe that a crime was committed by Mr. Bethley, despite the hotel manager's assertion that nothing could be sold from the hotel and Mr. Bethley's statement that he bough a prime rib for $25.00 Accordingly, this case does not present evidence of a valid arrest. At any rate, the fruits of the illegal seizure were obtained initially and directly from the trunk and thus the police had no right to search the remainder of the car for illegal proceeds especially when they saw the allegedly stolen food be placed in the trunk of the car.

*Motor Vehicle Searches*

For the reasons mentioned above, the instant search of the car yielding the gun and ammunition is not saved by virtue of the automobile exception to the warrant requirement.[1] Accordingly, it is respectfully submitted that this exception is not applicable.

*Motion in Limine*

Additionally, the pills, small amount of marijuana, and the money should be held inadmissable at trial since those items are overly prejudicial to a defendant facing a trial for weapons possession. Accordingly, they should be excluded under F.R.E. 403, if not excluded on Fourth Amendment grounds.

An evidentiary hearing on the within Motion is respectfully requested. Defendant also respectfully reserves the right to supplement this pleading with additional authorities.

---

[1] An argument can be made that the warrant requirement applies to vehicles parked in private driveways. Although the hotel is not a home as referred to in Coolidge vs. New Hampshire, 404 U.S. 443, 458-462, a hotel driveway which is where the instant search took place, may still qualify. See, Cardwell vs. Lewis, 417 U.S. 583, 593 (1974); United States vs. Main, 598 F.2d 1086, 1092 (7th Cir. 1979) (IRS Agents warrantless seizure of car in private driveway held unlawful).

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the with Motion to Suppress Physical Evidence be **GRANTED**.

Respectfully submitted,

LOUIS T. SAVINO & ASSOCIATES

By: _____
ELLIOT M. COHEN, ESQUIRE
Attorney for Defendant

CERTIFICATE OF SERVICE

Elliot M. Cohen, Esquire being duly sworn according to law, deposes and says that on the 18th day of October, 2005 a copy of the within document was served upon the following individuals:

*Honorable Gregory Sleet*
*U.S. District Judge*
*U.S. District Court for the*
*District of Delaware*
*844 King Street*
*Wilmington, Del 19801*

*Christopher J. Burke, Esquire*
*U.S. Attorney's Office*
*1007 Orange Street*
*Suite 700*
*P.O. Box 2046*
*Wilmington, Del 19899*

*Mr. Leonard Bethley*
*Salem County Correctional Facility*
*125 Cemetery Road*
*Woodstown, NJ 08098*

LOUIS T. SAVINO & ASSOCIATES

By: _____
ELLIOT M. COHEN, ESQUIRE
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.   1:05-CR-77 |
| vs. | : | |
| LEONARD DAMONE BETHLEY | : | |

ORDER

AND NOW, this ____ day of _____, 2005 it is hereby **ORDERED** and **DECREED** that defendant's Motion to Suppress Physical Evidence Nunc Pro Tunc is **GRANTED**.

BY THE COURT:

_____
                                                    J.