

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.   1:05-CR-77 |
| vs. | : | |
| LEONARD DAMONE BETHLEY | : | |

## SUPPLEMENTAL MEMORANDUM

### (I) APPLICATION OF LAW TO FACTS

*Knowledge*

    The government must prove "knowing possession" if the charge is possession of a firearm by a prohibited person. This has been interpreted to mean that the defendant must "know" that he possesses a gun, not that he must know either that he is convicted felon or otherwise a prohibited person, U.S. v Langley, 62 F. 3d 602,604 (4th Cir.1995) (proof that defendant knew he was felon not required), or that his status precludes his possession of a firearm U.S. v. Kafka, 222 F. 3d 1129 (9th Cir. 2000)(government not required to prove knowledge that possession of firearm violates domestic violence restraining order); U.S. v. Sherbondy, 865 F. 2d 996, 1002 (9th Cir. 1988)(government not required to prove knowledge of illegality of possession). "Knowing possession," as expected, can be proven by both direct and circumstantial evidence. See U.S. vs. Hernandez, 972 F. 2d 885 (8th Cir 1992)(finding that defendant knowingly possessed gun was supported by evidence that pawn ticket found in apartment in which defendant was staying was receipt for pawn of gun); U.S. v. Winchester, 916 F. 2d 601(11th Cir 1990)(evidence of travel bag which contained firearms and papers and photographs identifying it as belonging to defendant was sufficient to show knowledge).

    No testimony that has been elicited in this case shows beyond a reasonable doubt that Leonard Bethley knew that there was a gun in the vehicle that he was traveling. The fact that he ran when the gun was discovered is explained by the fact that he was an escaped prisoner from Wisconsin who was told by a previous court that if he were to ever be caught with a gun again that he would get twenty five years (25). Mr. Bethley's testimony was credible and consistent. The government's cross examination did nothing to impeach his credibility. Curiously, he did no run when the ammunition was first found. If he knew the ammunition was there he should have immediately fled since the gun would have been inevitably discovered because the ammunition and gun were in close proximity to each other. That fact alone demonstrates an absence of knowledge on Mr. Bethley's part.

*Possession*

The defendant can have either actual, constructive joint or sole possession. See, e.g., U.S. v Staula, 80 F. 3rd 596, 605(1st Cir. 1996); U.S. v. Wright, 968 F.2d 1393 (1st Cir. 1992); U.S. v. Richards, 967 F. 2d 1189(8th Cir 1992). A person has possession of something" if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. U.S. v. Perez, 67 F. 3d 1371, 1380 n. 8 (9th Cir. 1995), withdrawn in part on reh'g by 116 F. 3d 840 (9th Cir 1997); Ninth Circuit Model Criminal Jury Instruction, §3.18 (2000ed). A person "in constructive possession of an item knowingly holds the power and ability to exercise dominion and control over it "U.S. v Massey, 687 F. 2d 1348, 1354 (10th Cir. 1982). However," {m}ere presence on the scene plus association with illegal possessors is not enough " to establish constructive possession. U.S. v. Birmley, 529 F. 2d 103,107(6th Cir. 1976). Convictions have been reversed based on the government's failure to sufficiently connect the defendant to the weapon allegedly possessed. See e.g. U.S. v Casterline, 103 F.3rd 76, 78-79(9th Cir. 1996)(while ownership may be circumstantial evidence, it cannot substitute for actual or constructive possession requirement); U.S. v. Blue, 957 F.2d 106(4th Cir. 1992) (conviction reversed where evidence showed only that gun found in car under defendant's seat and no other evidence linked gun to defendant other than police officer's testimony that he saw the defendant's shoulder dip down after stopping car); U.S. v. Evans, 950 F. 2d 187,192 (5th Cir. 1991)(evidence of knowledge insufficient where defendant drove car that had been driven immediately before by other drug dealers, gun found on rear floorboard and officer observed him lean onto the floorboard); U.S. v. Beverly, 750 F. 2d 34 (6th Cir1984) (conviction reversed due to insufficient evidence of possession despite fact gun with defendant's fingerprint found in wastebasket located near defendant); U.S. v Flenoid, 718 F. 2d 867, 868 (8th Cir. 1983)(mere presence as passenger does not establish possession, but testimony that defendant placed something in spot where weapon was later found can support such a finding.

Additionally, Dominion and control are not established by "mere proximity" to the contraband or mere presence on the property where it is located or mere association with the person who controls the contraband or the property. See, United States vs. Jenkins, 90 F.3rd 814 (3rd Cir. 1996); United States vs. Brown, 3 F.3rd 673, 680 (3rd Cir. 1993), cert. denied, 510 U.S. 1017 (1993); United States vs. Dunlap, 28 F.3rd 823, 826 (8th Cir. 1994); United States vs. Ziegler, 994 F.2d 845, 848 (D.C. Cir. 1993); United States vs. Vasquez-Chan, 978 F.2d 546, 550 (9th Cir. 1992).

In the instant case, the government has failed to establish Mr. Bethley's dominion and control over the gun beyond a reasonable doubt. Further, as the case law in Jenkins and Brown (supra)make clear, Mr. Bethley's mere proximately to the gun, although relevant is hardly dispositive on the issue of dominion and control. As Mr. Bethley testified, at least three (3)other people had equal access to the vehicle and that he had not looked in the glove compartment for some time prior to the date of his arrest. Once again, Mr. Bethley's testimony was consistent and credible and the government's cross examination did not impeach him in any way.

For all of the foregoing reasons, it is respectfully requested that the defendant be found **NOT GUILTY**

LOUIS T. SAVINO & ASSOCIATES

By: _____
ELLIOT M. COHEN, ESQUIRE
*Attorney for Defendant*

CERTIFICATE OF SERVICE

Elliot M. Cohen, Esquire being duly sworn according to law, deposes and says that on the *8 day of May, 2007* a copy of the within document was served upon the following individuals:

      Honorable Gregory Sleet
      U.S. District Judge
      U.S. District Court for the
      District of Delaware
      844 King Street
      Wilmington, Del 19801

      Sophie Bryan, Esquire
      U.S. Attorney's Office
      1007 Orange Street
      Suite 700
      P.O. Box 2046
      Wilmington, Del 19899

      Mr. Leonard Bethley
      Salem County Correctional Facility
      125 Cemetery Road
      Woodstown, NJ 08098

                                      LOUIS T. SAVINO & ASSOCIATES

                           By: _____
                                  ELLIOT M. COHEN, ESQUIRE
                                  Attorney for Defendant